IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY REED-MURRY<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY, LLC<br><br>Defendants | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Nancy Reed-Murry ("Plaintiff"), through her undersigned counsel, and files this lawsuit against Centene Corporation and Centene Management Company, LLC ("Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

1

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant Centene Corporation is a corporation conducting business throughout the State of Georgia, including within the Atlanta Division.

6.

Defendant Centene Corporation does not have a registered agent for service of process within the State of Georgia. Accordingly, pursuant to O.C.G.A. § 14-2-504(b), Defendant Centene Corporation may be served with process by sending a copy of the summons and Complaint by registered or certified mail or statutory overnight delivery, return receipt requested, to its Secretary, Keith Williamson, at its principal office address, Centene Plaza, 7700 Forsyth Blvd., St. Louis, Missouri 63105.

7.

Defendant Centene Management Company, LLC is a corporation conducting business throughout the State of Georgia, including within the Atlanta Division.

8.

Defendant Centene Management Company, LLC may be served with process by delivering a copy of the summons and Complaint to its registered agent CT Corporation System, 1201 Peachtree Stree, NE, Atlanta Georgia 30361.

9.

Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

10.

At all relevant times, Defendants engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

11.

At all relevant times, Defendants were an "employer" as that term is defined by 29 U.S.C. § 203(d).

12.

At all relevant times, Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

13.

Although Defendant Centene Corporation is the parent company of Defendant Centene Management Company, LLC, it exercised significant control over Plaintiff. Specifically, Plaintiff reportedly directly to and was supervised on a daily basis by officers of Defendant Centene Corporation. Defendant Centene Corporation had the power to hire, fire and discipline Plaintiff; required Plaintiff to adhere to its policies as set forth in its Employee Handbook; and controlled Plaintiff's work schedule, work assignments, and compensation (i.e., when she was paid, what she was paid, and how many hours she was paid for). Defendant Centene Management Company, LLC actually paid Plaintiff, and issued Plaintiff an IRS Form 1099 each year.

14.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

15.

Plaintiff worked for Defendants as a Talent Acquisition Specialist ("Recruiter") from January 7, 2013 to February 6, 2015.

16.

Throughout her employment with Defendants, Plaintiff was paid on an hourly basis that ranged from $36.00 per hour to $37.50 per hour.

17.

Throughout her employment with Defendants, Plaintiff was misclassified as an independent contractor.

18.

Defendants exercised complete control over Plaintiff, and treated her in the same way they treated the other Recruiters who were classified as employees.

19.

Defendants determined Plaintiff's work conditions, work schedule, and work assignments. Defendants provided Plaintiff with all of the equipment necessary to perform her job (i.e., an office, desk, chair, computer, stationary, etc.), and on-going training.

20.

Moreover, just like the Recruiters who were classified as employees, Plaintiff reported directly to Vice President of Human Resources Robert Allen, and he supervised and evaluated Plaintiff's work on daily basis.

21.

In addition, Plaintiff was held out to customers and job applicants as an employee; used the same signature block as an employee; worked exclusively for Defendants; and was solely dependent upon her income from Defendants.

22.

Throughout her employment with Defendants, Plaintiff consistently worked more than forty (40) hours per week, but was not paid time and one-half her regular hourly rate of pay for any and all hours worked over forty (40) per week.

23.

Defendants knew that Plaintiff was working well over forty (40) hours per week, but refused to pay Plaintiff overtime for all hours worked over forty (40) per week.

24.

Defendants told Plaintiff not to report any hours over forty (40) because of "budget restrictions."

25.

Eventually, Defendants authorized Plaintiff to report just a few (not all) hours of overtime per week.

26.

Defendants merely paid Plaintiff straight time for the overtime hours that she was allowed to report, not time and one-half her regular hourly rate of pay.

27.

Plaintiff repeatedly complained to Mr. Allen about Defendants' practice of not paying overtime. Mr. Allen either ignored her complaint or blamed "budget restrictions" for the lack of overtime pay.

## COUNT ONE
## Fair Labor Standards Act
## (Failure to Pay Overtime Compensation)

28.

Plaintiff reasserts and incorporates by reference paragraphs 15 through 27 of this Complaint as if fully set forth herein.

29.

At all relevant times, Defendants violated the FLSA by purposefully misclassifying Plaintiff as an independent contractor in order to avoid paying Plaintiff time and one-half her regular hourly rate of pay for all hours worked over forty (40) in a week.

30.

At all relevant times, Defendants required, suffered and/or permitted Plaintiff to work more than forty (40) hours per week without paying Plaintiff time and one-half her regular hourly rate of pay for all hours worked over forty (40) in a week.

31.

Defendants exercised complete control over Plaintiff, and treated her in the same way it treated the other Recruiters who were classified as employees.

32.

Defendants determined Plaintiff's work conditions, work schedule, and work assignments; and provided Plaintiff with equipment, on-going training, and feedback regarding her job performance.

33.

Plaintiff reported directly to, and was supervised on a daily basis by, Mr. Allen.

34.

Plaintiff was required to attend staff meetings on a daily basis.

35.

Plaintiff was held out to customers and job applicants as an employee; used the same signature block as an employee; worked exclusively for Defendants; and was solely dependent upon the income she earned from Defendants.

36.

Plaintiff consistently worked more than forty (40) hours per week, but was not paid time and one-half her regular hourly rate of pay for any and all hours worked over forty (40) per week.

37.

Defendants willfully disregarded their obligations under the FLSA. Defendants knew or had reason to know that Plaintiff was misclassified as an

independent contractor because Defendants treated Plaintiff in the same way that they treated other Recruiters who were classified as employees.

38.

Further, Defendants knew that Plaintiff was working well over forty (40) hours per week, but blatantly refused to pay Plaintiff overtime for all hours worked over forty (40) per week.

39.

Defendants failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.

Date: March 11, 2015

                                                  Respectfully submitted,

                                                  SMITH LAW, LLC

                                      By:   /s/ Louise N. Smith
                                                  Louise N. Smith
                                                  Georgia Bar No. 131876
                                                  William J. Smith
                                                  Georgia Bar No. 710280
                                                  *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

                          By:   /s/ Louise N. Smith
                                    Louise N. Smith
                                    Georgia Bar No. 131876
                                    William J. Smith
                                    Georgia Bar No. 710280
                                    *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 11th day of March, 2015.

                                              Respectfully submitted,

                                              SMITH LAW, LLC

                               By:   /s/ Louise N. Smith
                                              Louise N. Smith
                                              Georgia Bar No. 131876
                                              William J. Smith
                                              Georgia Bar No. 710280
                                              *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing **COMPLAINT** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 11th day of March, 2015.

                                            Respectfully submitted,
                              By:  /s/ Louise N. Smith
                                            Louise N. Smith
                                            Georgia Bar No. 131876
                                            William J. Smith
                                            Georgia Bar No. 710280
                                            *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com