IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NANCY REED-MURRY,

        Plaintiff,

v.

CENTENE CORPORATION and
CENTENE MANAGEMENT
COMPANY, LLC,

        Defendants.

CIVIL ACTION NO. 1:15-CV-00731-WSD

## JOINT MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Nancy Reed-Murry and Defendants Centene Corporation, and Centene Management Company, LLC (collectively "Centene Defendants") file this Joint Motion to Consolidate, seeking the Court's consolidation of *Cheryl Greenfield and Stephanie Robinson on behalf of themselves and all others similarly situated v. Centene Corporation, Centene Management Company, LLC, and Page Staffing Alternatives, Inc. D/B/A Executive Business Solutions*, Civil Action No. 1:15-CV-00895-AT, assigned to Judge Amy Totenberg ("*Greenfield*"), into this first filed action *Nancy Reed-Murry v. Centene Corporation and Centene Management Company, LLC*, Civil Action

No. 1:15-CV-00731-WSD ("*Reed-Murry*").[1]  As detailed below, the allegations are factually related and consolidation is in the interest of judicial economy at this early juncture.  In particular, Plaintiffs (who are represented by the same counsel) intend to pursue FLSA collective action claims on behalf of themselves and other alleged similarly situated employees.  Although Defendants (who are represented by the same counsel) deny that Plaintiffs' collective action claims are appropriate, the parties submit that significant efficiencies will be afforded to the Court and the parties if the actions are consolidated and discovery and a determination on whether collective treatment is appropriate occur in a single action.

## I.    PROCEDURAL BACKGROUND

On March 12, 2015 Plaintiff Nancy Reed-Murry filed a Complaint against the Centene Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").  *See* No. 1:15-CV-00731-WSD, Docket No. 1. Reed-Murry contends that she was not properly paid for all time worked as a "Talent Acquisition Specialist" or "Recruiter."  (Dkt. 1 at ¶ 15.)

On March 27, 2015, Plaintiffs in the *Greenfield* case filed a putative collective action complaint against the Centene Defendants, and "Executive

---

[1] The *Greenfield* parties agree to this consolidation.

Business Solutions EBS, LLC."[2]  *See* No. 1:15-CV-00895-AT, Docket No. 1.  On

July 1, 2015, Judge Totenberg granted the *Greenfield* Plaintiffs' unopposed motion

regarding substitution of Pace Staffing Services as a Defendant, and their First

Amended Complaint is now operative in *Greenfield*. *See* No. 1:15-CV-00895-AT,

Docket Nos. 12, 13.  The *Greenfield* case also alleges violations of the FLSA, and,

like Reed-Murry, Plaintiffs claim that they and others employed as "Talent

Acquisition Specialists" or "Recruiters" were not properly paid for all time

worked.  (*Greenfield,* Dkt. 13 at ¶ 21.)

## II.    ARGUMENT AND AUTHORITY

The Federal Rules of Civil Procedure and applicable case law support the

parties' request to consolidate these cases, particularly for purposes of early

discovery and/or determination of whether the FLSA claims can proceed on a

collective action basis. Because this action was filed first, the parties submit that

consolidation of the later-filed *Greenfield* action into this action is appropriate.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions

---

[2] On June 10, 2015, Plaintiffs in the *Greenfield* case filed Named Plaintiffs' Motion to Add and Drop a Defendant.  *See* No. 1:15-CV-00895-AT, Docket No. 9. Specifically, Plaintiffs in the Greenfield case sought to add Pace Staffing Alternatives, Inc. d/b/a Executive Business Solutions as a defendant and to drop Executive Business Solutions EBS, LLC as a defendant.  Attached to Plaintiff Greenfield and Plaintiff Robinson's motion was their proposed amended complaint.

before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(2).  Courts have broad discretion to consolidate cases.[3] *See Young v. City of Augusta*, 59 F.3d 110, 1168 (11th Cir. 1995).

*Reed-Murry* and *Greenfield* both involve alleged FLSA violations against Defendants that arise out of the employment of "Talent Acquisition Specialists" or "Recruiters," Defendants' classification of employees, and Defendants' pay practices.[4]  *Compare, e.g.*, *Greenfield*, No. 1:15-CV-00895-AT, Docket No. 13 ¶¶ 18, 21, 24, 31, *with Reed-Murry*, No. 1:15-CV-00731-WSD, Docket No. 1 ¶¶ 15, 17, 22.  As a result of these alleged violations, Plaintiffs in *Reed-Murry* and *Greenfield* claim that they are entitled to unpaid wages, liquidated damages, and attorneys' fees.

In addition, practical considerations justify consolidation, including that counsel for the parties' are the same in both cases, and both cases are in the initial stages of litigation.  The parties, therefore, request that the Court consolidate the

---

[3] Similarly, Rule 1 directs that the rules should be construed to secure the "just, speedy, and inexpensive determination" of every proceeding.

[4] Defendants maintain their objections and defenses to collective action certification and to the claims of all Plaintiffs, and nothing in this motion is intended to waive those objections and defenses.

*Greenfield* into the *Reed-Murry* case in the interest of judicial economy and efficiency.[5]  *See, e.g., Gholston v. Humphrey*, No. 5:12-CV-97-MTT-MSH, 2012 WL 5383124, at *1 (M.D. Ga. Sept. 24, 2012) (consolidating numerous actions brought by inmates and noting that "[a]lthough these cases are not suitable for class treatment, they may be consolidated pursuant to Federal Rules of Civil Procedure Rule 42(a)."), *report and recommendation adopted*, No. 5:12-CV-97 MTT, 2012 WL 5383122 (M.D. Ga. Nov. 1, 2012).[6]

## III.   CONCLUSION

For the reasons set forth above, the parties respectfully request that this Court grant their Joint Motion to Consolidate and order consolidation of *Greenfield* (Civil Action No. 1:15-CV-00895-AT) into *Reed-Murry* (Civil Action No. 1:15-

---

[5] As *Reed-Murry* was filed first, the parties agree that *Greenfield* should be consolidated into this action, and both actions should proceed under case number 1:15-CV-00731-WSD. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)(discussing "first-filed" rule and explaining, "[a]s between federal district courts … the general principle is to avoid duplicative litigation"); *Travel Spike, LLC v. Travel Ad Network, Inc.*, No. 1:11-cv-3199-RWS, 2012 WL 887591, at *2 (N.D. Ga. Mar. 15, 2012) (discussing the "first to file rule," and noting that the court where the first action was filed should decide if the second action should be consolidated); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp.2d 686, 688 (E.D. Tenn. 2005) (transferring second FLSA action to first-filed action, explaining factors for the first filed rule include the chronology of the actions, the similarities of the parties involved, and the similarities of the issues; emphasizing "the parties and issues need not be identical …. Rather, the crucial inquiry is whether the parties and issues substantially overlap").

[6] For the Court's convenience, a proposed order granting this motion is attached as Exhibit A.

CV-00731-WSD).


Respectfully submitted on this 22nd day of July, 2015 by:


| | |
|---|---|
| */s/ Steven E. Wolfe* | */s/ Tracey T. Barbaree* |
| Louise N. Smith | Tracey T. Barbaree |
| Georgia Bar No. 131876 | Georgia Bar No. 036792 |
| louise@smithlaw-llc.com | tbarbaree@littler.com |
| William J. Smith | Angelo Spinola |
| Georgia Bar No. 710280 | Georgia Bar No. 672191 |
| William@smithlaw-llc.com | aspinola@littler.com |
| Smith Law, LLC | Marcia A. Ganz |
| P. O. Box 1396 | Georgia Bar No. 320317 |
| Dacula, GA  30019 | mganz@littler.com |
| 678.691.5676 | Littler Mendelson, P.C. |
| | 3344 Peachtree Road N.E. |
| Eleanor Mixon Attwood | Suite 1500 |
| Georgia Bar No. 514014 | Atlanta, GA  30326.4803 |
| emattwood@law-llc.com | 404.233.0330 |
| Steven Eric Wolfe | |
| Georgia Bar No. 142441 | Attorneys for Defendants |
| sewolfe@law-llc.com | |
| Legare, Attwood & Wolfe, LLC | |
| 400 Colony Square | |
| Suite 1000 | |
| 1201 Peachtree Street, NE | |
| Atlanta, GA 30361 | |
| 470.823.4000 | |
| | |
| Attorneys for Plaintiffs | |

- 7 -

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point, and 1.5" and 1" margins.

/s/ Tracey T. Barbaree
Tracey T. Barbaree
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY REED-MURRY,<br><br>      Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION and<br>CENTENE MANAGEMENT<br>COMPANY, LLC,<br><br>      Defendants. | CIVIL ACTION NO. 1:15-CV-00731-WSD |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2015, the foregoing **JOINT MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM OF LAW** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings:

Louise N. Smith
William J. Smith
SMITH LAW, LLC
P. O. Box 1396
Dacula, GA  30019

Eleanor M. Attwood
Steven E. Wolfe
Legare, Attwood & Wolfe, LLC

- 9 -

400 Colony Square
Suite 1000
1201 Peachtree Street, NE
Atlanta, GA 30361

/s/ Tracey T. Barbaree
Tracey T. Barbaree
Attorney for Defendants