IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY REED-MURRY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, AND CENTENE MANAGEMENT COMPANY,<br><br>Defendants | Civil Action No. 1:15-cv-731-WSD |

| | |
|---|---|
| CHERYL GREENFIELD AND STEPHANIE ROBINSON *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY, LLC, AND PACE STAFFING ALTERNATIVES, INC. D/B/A EXECUTIVE BUSINESS SOLUTIONS,<br><br>Defendants | Civil Action No. 1:15-cv-895-AT |

## **SECOND AMENDED COMPLAINT**

1.

1

Plaintiffs hereby file their Second Amended Complaint pursuant to this Court's December 18, 2015 Order that consolidated this action with civil action No. 1:15-cv-895-AT (filed on March 12, 2015 by Plaintiff Nancy Reed-Murry[1] against Defendants Centene Corporation and Centene Management Company, LLC), and which administratively closed civil action No. 1:15-cv-895-AT. [See Doc. 23]. Plaintiffs seek to obtain full and complete relief on behalf of themselves and all others similarly situated for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because a substantial part of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

---

[1] Pursuant to 29 U.S.C. § 216(b), Plaintiff Reed-Murry files her Consent to Join form, attached hereto as Exhibit "A."

Plaintiff Reed-Murry is a citizen of the United States of America, and resident of the State of Georgia.

5.

Plaintiff Greenfield is a citizen of the United States of America, and resident of the State of Georgia.

6.

Plaintiff Robinson is a citizen of the United States of America, and resident of the State of Georgia.

7.

Defendant Centene Corporation ("Centene") is a corporation conducting business throughout the State of Georgia, including within the Atlanta Division.

8.

Defendant Centene Management Company, LLC ("Centene Management") is a wholly-owned subsidiary of Defendant Centene conducting business throughout the State of Georgia, including within the Atlanta Division.

9.

Defendant Pace Staffing Alternatives, Inc. d/b/a Executive Business Solutions ("EBS") is a corporation conducting business throughout the State of Georgia, including the Atlanta Division.

10.

3

Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

11.

At all relevant times, Defendants engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

12.

At all relevant times, Defendants were an "employer" and/or a "joint employer" of Plaintiffs and all others similarly situated as those terms are defined by 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2, respectively.

13.

At all relevant times, Defendants employed Plaintiffs and all others similarly situated who were engaged in commerce and/or the production of goods for commerce.

14.

At all relevant times, Plaintiffs and all others similarly situated were "employees" of Defendants as that term is defined by 29 U.S.C. § 203(e).

15.

Plaintiffs and all others similarly situated worked for Defendants within the three years preceding the filing of this action.

16.

Plaintiffs and all others similarly situated are individuals who have been employed by Defendants as "Talent Acquisition Specialists," "Recruiters," or with other job titles performing substantially similar job duties during the three years preceding the filing of this action and continuing through the duration of this action, and who were not paid overtime compensation for all hours worked over 40 in a week.

17.

Plaintiffs have consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

18.

In addition, two (2) similarly situated individuals have opted into this action by filing Consent to Join forms, and more will likely do so.

**FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS**

19.

Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals are persons who: (1) are currently or have worked for Defendants on or after the date that is three years preceding the filing of this action; (2) worked as "Talent Acquisition Specialists," "Recruiters," or with other job titles performing substantially similar job duties as Plaintiffs; (3) were

classified as either an "independent contractor" or an "exempt employee"; (4) were paid on an hourly basis or a salary basis or both; and (5) worked more than 40 hours in a week (the "Collective Class").

20.

At all relevant times, Plaintiffs and the Collective Class have had substantially similar job duties, and have been subject to Defendants' decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

21.

At all relevant times, Defendants misclassified Plaintiffs and the Collective Class as either "independent contractors" or "exempt employees" in order to avoid the FLSA's overtime pay requirements.

22.

When Plaintiffs and the Collective Class were misclassified as "independent contractors," they were paid on an hourly basis.

23.

When Plaintiffs and the Collective Class were misclassified as "exempt employees," they were paid a salary based on a 40-hour week.

24.

6

At all relevant times, Plaintiffs and the Collective Class should have been classified as non-exempt employees by Defendants.

25.

Plaintiffs and the Collective Class were given job titles such as (but not limited to) "Talent Acquisition Specialist" and "Recruiter."

26.

Plaintiffs and the Collective Class assisted with recruiting individuals to work for the clients of Defendant Centene and Defendant Centene Management. Specifically, Plaintiffs and the Collective Class were required to follow guidelines, procedures, and a step-by-step recruitment process that included: posting job positions; searching the Internet, major job boards, and internal databases for job applicants; and relaying information from Hiring Managers and Human Resources Generalists to job applicants and vice versa.

27.

At all relevant times, Plaintiffs and the Collective Class consistently worked more than 40 hours in a week.

28.

At all relevant times, Plaintiffs and the Collective Class performed work before and after their scheduled work shifts and during their lunch breaks.

29.

At all relevant times, Plaintiffs and the Collective Class were not paid overtime for all hours worked over 40 in a week.

30.

Defendants were well aware that Plaintiffs and the Collective Class worked more than 40 hours in a week.

31.

Plaintiffs and the Collective Class sent and/or received emails and instant messages from management before and after their scheduled shifts, and during their alleged lunch breaks. Moreover, Plaintiffs repeatedly complained about the lack of overtime pay to Robert Allen, Vice President of Human Resources at Defendant Centene. Mr. Allen either ignored their complaints or blamed "budget restrictions" for the lack of overtime pay. Further, when Plaintiff Robinson (and other Collective Class members) complained about the lack of overtime pay to Defendant EBS, Defendant EBS claimed that there was nothing that it could do, and that this was part of its "agreement" with Defendant Centene and Defendant Centene Management.

32.

At all relevant times, Defendants failed to keep track of all hours worked by Plaintiffs and the Collective Class.

33.

At all relevant times, Defendants failed to maintain accurate time records of all hours worked by Plaintiffs and the Collective Class.

34.

The Collective Class is so numerous that joinder of all members is impracticable.

35.

There are questions of law or fact common to the Collective Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.

The claims or defenses of the Plaintiffs are typical of the claims or defenses of the Collective Class.

37.

Plaintiffs will fairly and adequately protect the interests of the Collective Class.

**JOINT EMPLOYER FACTUAL ALLEGATIONS**

38.

Defendants are an "employer" and/or a "joint employer" of Plaintiffs and the Collective Class.

39.

Defendant Centene Management is a wholly-owned subsidiary of Defendant Centene. Defendant Centene operates and/or controls Defendant Centene Management.

40.

Defendant Centene and/or Defendant Centene Management either hired Plaintiffs and the Collective Class directly as "independent contractors" and/or "exempt employees" or hired Plaintiffs and the Collective Class indirectly as "independent contractors" through Defendant EBS (a staffing agency).

41.

When Defendant Centene and/or Defendant Centene Management indirectly hired Plaintiffs and the Collective Class through Defendant EBS, Named Plaintiffs and the Collective Class were paid by Defendant EBS. However, Defendant Centene and/or Defendant Centene Management controlled these individuals in the same way that they controlled those individuals who were paid directly by Defendant Centene and/or Defendant Centene Management and were classified as "employees."

42.

Regardless of whether Plaintiffs and the Collective Class were classified as "independent contractors" and regardless of whether they were paid by Defendant EBS or Defendant Centene and/or Defendant Centene Management, Defendant

Centene and/or Defendant Centene Management dictated their work conditions (i.e., workplace, work hours, work assignments, deadlines, overtime pay (or the lack thereof)); dictated how they performed their job duties through guidelines, step-by-step processes and procedures, daily supervision, staff meetings that typically involved training and recruitment tips, and one-on-one meetings to evaluate performance; provided all necessary equipment; and had the power to discipline and terminate the working relationship at any time.

43.

Defendant EBS was complicit in Defendant Centene and/or Defendant Centene Management's scheme to avoid paying Plaintiffs and the Collective class overtime pay.

44.

When Plaintiff Robinson (and other Collective Class members) complained to Defendant EBS about the lack of overtime pay, Defendant EBS explained that there was nothing it could do, and that this was part of its "agreement" with Defendant Centene and/or Defendant Centene Management.

## COUNT ONE
## (Fair Labor Standards Act ("FLSA"))
## (Failure to Pay Overtime Compensation)

45.

Plaintiffs reassert and incorporate by reference paragraphs 19 through 44 of this Second Amended Complaint as if fully set forth herein.

46.

During the three years preceding the filing of this action, Defendants violated the FLSA by failing to pay Plaintiffs and the Collective Class overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

47.

During the three years preceding the filing of this action, Defendants operated under a decision, policy and plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay Plaintiffs and the Collective Class overtime for all hours worked over 40 in a week.

48.

Defendants misclassified Plaintiffs and the Collective Class as either "independent contractors" or "exempt employees" in order to avoid the FLSA's overtime pay requirements.

49.

Defendants exercised the same level of control over Plaintiffs and the Collective Class regardless of how they were classified.

50.

At all relevant times (including the period when Plaintiffs and the Collective Class were misclassified as "independent contractors"), Defendant Centene and/or Defendant Centene Management dictated their work conditions (i.e., workplace, work hours, work assignments, deadlines, overtime pay (or the lack thereof)); dictated how they performed their job duties through guidelines, step-by-step processes and procedures, daily supervision, staff meetings that typically involved training and recruitment tips, and one-on-one meetings to evaluate performance; provided all necessary equipment; and had the power to discipline and terminate the working relationship at any time.

51.

Moreover, at all relevant times (including the period when Plaintiffs and the Collective Class were misclassified as "independent contractors"), Plaintiffs and the Collective Class were held out to customers as "employees," and were completely dependent on the income they derived from working for Defendant Centene and/or Defendant Centene Management—they did not have the time and were expressly prohibited from providing similar services to competing businesses while they worked for Defendant Centene and Defendant Centene Management.

52.

When Plaintiffs and the Collective Class were misclassified as "independent contractors," they were paid on an hourly basis.

53.

When Plaintiffs and the Collective Class were misclassified as "exempt employees," they were paid a salary based on a 40-hour week.

54.

When Plaintiffs and the Collective Class were misclassified as "exempt employees" they performed non-exempt work.

55.

Specifically, Plaintiffs and the Collective Class did not exercise discretion and independent judgment with respect to matters of significance, but merely followed well-established techniques, processes and procedures that they had been trained on and the recruitment skills they had developed through their work experiences.

56.

Defendants suffered and permitted Plaintiffs and the Collective Class to work in excess of 40 hours each week.

57.

Defendants were aware that Plaintiffs and the Collective Class worked in excess of 40 hours each week.

58.

Plaintiffs and the Collective Class sent and/or received emails and instant messages during their lunch breaks, and before and after their scheduled work shifts.

59.

In addition, Defendants received numerous complaints from Plaintiffs and the Collective Class about working more than 40 hours in a week without overtime compensation.

60.

Defendants willfully disregarded their obligations under the FLSA.

61.

Defendants attempted to avoid paying Plaintiffs and the Collective Class the required overtime pay by misclassifying them as either "independent contractors" or "exempt employees."

62.

When Plaintiffs and the Collective Class were misclassified as "independent contractors," Defendants even refused to pay them "straight time" for all hours worked over 40 in a week.

63.

Defendant EBS blamed its "agreement" with Defendants Centene and/or Defendants Centene Management for the lack of overtime pay.

64.

Defendant Centene and/or Defendant Centene Management blamed "budget restrictions" for the lack of overtime pay.

65.

At all relevant times, Defendants were required to keep and maintain accurate records of the hours worked by Plaintiffs and the Collective Class.

66.

At all relevant times, Defendants failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

67.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered a loss of income and other damages.

68.

Plaintiffs and the Collective Class are entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

69.

Members of the Collective Class are readily ascertainable. For purpose of notice, and other purposes related to this action, their names and addresses are

readily available from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for the following relief as against Defendants:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as the Representatives of the FLSA Collective Class;

C. A judgment in favor of the Plaintiffs and all others similarly situated for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216;

D. Judgment against Defendants that Defendants' violations were willful; and

E. Such other and further relief as this Court may deem just and proper.

Date: January 4, 2016

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
      Louise N. Smith
      Georgia Bar No. 131876
      William J. Smith
      Georgia Bar No. 710280
      *Attorneys for Plaintiffs and the*
      *Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

LEGARE, ATTWOOD
& WOLFE, LLC
/s/ Eleanor M. Attwood
Eleanor M. Attwood
Georgia Bar No. 514014
Steven E. Wolfe
Georgia Bar No. 142441
*Attorneys for Plaintiffs and the*
*Collective Class*

400 Colony Square, Ste. 100
1201 Peachtree St., NE
Atlanta, GA 30361
T: (470) 823-4000
F: (470) 201-1212
emattwood@law-llc.com
sewolfe@law-llc.com

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs, on behalf of themselves and all others similarly situated, demand a trial by jury.

By:   /s/ Louise N. Smith       
        Louise N. Smith
        Georgia Bar No. 131876

## <u>FONT AND POINT CERTIFICATION</u>

The undersigned counsel for Plaintiffs hereby certifies that the within and foregoing SECOND AMENDED COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).


This 4th day of January, 2016.

Respectfully submitted,


By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically served the foregoing SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Tracey T. Barbaree
    Angelo Spinola
    Marcia A. Ganz
    Jennifer B. Miller


This 4th day of January, 2016.

By:   /s/ Louise N. Smith_____
       Louise N. Smith
       Georgia Bar No. 131876