## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made and entered into by and between Nancy Reed-Murry, Cheryl Greenfield, Stephanie Robinson, DuDonna Jones, and Ninette Martin (collectively "Plaintiffs"), and Centene Corporation, Centene Management Company, LLC, and Pace Staffing Alternatives d/b/a Executive Business Solutions ("EBS") (collectively "Defendants").

WHEREAS, Plaintiffs filed two lawsuits since consolidated into a single action now pending against Defendants in the U.S. District Court for the Northern District of Georgia, *Reed-Murry, et al. v. Centene Corporation, Centene Management Company, LLC, and Pace Staffing Alternatives, Inc. d/b/a/ Executive Business Solutions*, Case No. 1:15-CV-731-WSD (the "Lawsuit"), asserting claims under the Fair Labor Standards Act;

WHEREAS, Defendants deny all allegations made in the Lawsuit;

WHEREAS, Plaintiffs and Defendants (collectively the "Parties") desire to settle fully and finally any and all of Plaintiffs' claims arising out of the Lawsuit;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties, subject to the approval of the Court, as follows:

1.      Consideration. In consideration for this Agreement:

   a.   Defendants will make the following payments:

   (1) Defendants will pay Plaintiff Reed-Murry the gross amount of $5,754.74 in the following payments: (a) EBS will issue a check for $2,877.37 for wages alleged to be owed, less all applicable withholdings, and for which EBS shall issue a W-2, and (b) Centene will issue a check for $2,877.37 to be treated as non-wage liquidated damages and reported on an IRS Form 1099;

   (2) Defendants will pay Plaintiff Greenfield the gross amount of $7,500.00 in the following payments: (a) Centene will issue a check for $3,750.00 for wages alleged to be owed, less all applicable withholdings, and for which Centene shall issue a W-2, and (b) EBS will issue a check for $3,750.00 to be treated as non-wage liquidated damages and reported on an IRS Form 1099;

   (3) Defendants will pay Plaintiff Robinson the gross amount of $4,500.00 in the following payments: (a) Centene will issue a check for $2,250.00 for wages alleged to be owed, less all applicable withholdings, and for which Centene shall issue a W-2, and (b) EBS will issue a check for $2,250.00 to be treated as non-wage liquidated damages and reported on an IRS Form 1099;

   (4) Defendants will pay Plaintiff Jones the gross amount of $1,500.00 in the following payments: (a) Centene will issue a check for $750.00 for wages alleged to be owed, less all applicable withholdings, and for which Centene shall

issue a W-2, and (b) EBS will issue a check for $750.00 to be treated as non-wage liquidated damages and reported on an IRS Form 1099; and

      (5) Defendants will pay Plaintiff Martin the gross amount of $4,000.00 in the following payments: (a) EBS will issue a check for $2,000 for wages alleged to be owed, less all applicable withholdings, and for which EBS shall issue a W-2, and (b) Centene will issue a check for $2,000 to be treated as non-wage liquidated damages and reported on an IRS Form 1099.

Each Plaintiff agrees to provide completed W-9 and/or W-4 tax forms within three days of signing this Agreement.

b. Defendants will pay to Plaintiffs' counsel the gross amount of $18,250, reflecting Plaintiffs' attorneys' fees and costs in connection with the Lawsuit. Defendants further require completion of a W-9 by Plaintiffs' counsel before payment can be issued and will issue a 1099 for this payment. The total payment to Plaintiffs' counsel will be paid in the following checks: a check payable to Smith Law, LLC in the amount of $9,525.00 and a check payable to Legare, Attwood & Wolfe, LLC in the amount of $8,725.00

c. The payments detailed in paragraphs 1(a) and 1(b) shall be mailed to Plaintiffs' counsel within ten (10) business days after the occurrence of the last of the following required conditions precedent: 1) the Court approves the parties' settlement, 2) Plaintiffs sign this Agreement, and 3) Defendants receive the required tax identification information from Plaintiffs and Plaintiffs' counsel. Each party agrees to bear its own fees and costs in connection with completion of the settlement, except as described in paragraph 1.b, above. Plaintiffs further agree to file a stipulation of dismissal with prejudice (if the Court has not already dismissed the action) within three business days of receipt of the payments.

d. Each Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of her claims in the Lawsuit and constitutes the entire amount of monetary consideration to be provided to each Plaintiff pursuant to this Agreement. Each Plaintiff agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this Agreement.

e. Plaintiffs acknowledge and agree that Defendants have made no representations to Plaintiffs regarding the tax consequences of any amounts received by Plaintiffs or their counsel pursuant to this Agreement. Each Plaintiff agrees to pay federal or state taxes that are required by law to be paid with respect to payments made by Defendants for which IRS Form 1099s are issued pursuant to this Agreement. In the event that any Defendant is notified by any taxing authority that a portion of said settlement amount paid to any Plaintiff was not but should have been withheld, such Plaintiff shall be notified within twenty (20) days by such Defendant in order to allow such Plaintiff to contest any such alleged obligation. If it is finally determined that any Defendant is required to pay both its tax

obligation and the tax obligation of any Plaintiff regarding any liquidated damages payment to any Plaintiff set forth in (a) above, such Plaintiff will indemnify that Defendant for payment of such Plaintiff's tax obligation and any related penalties.

2. <u>No Pending Actions And Covenant Not to Sue</u>. With the exception of the Lawsuit referenced above, filed in federal court, each Plaintiff represents she has not filed any complaint alleging failure to pay wages due and/or that she was misclassified for purposes of any claim arising under the FLSA or state law against Defendants, their officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that Plaintiff will not do so at any time hereafter. Should any Plaintiff violate this provision, such Plaintiff shall be liable to Defendants for reasonable attorneys' fees and other litigation costs and expenses incurred in defending such action.

3. <u>Release of Wage – Related Claims by Plaintiffs</u>. Each Plaintiff, without limitation, hereby irrevocably and unconditionally releases and forever discharges Defendants, and Defendants' officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, and all persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities related in any way to any alleged failure to properly classify and/or pay Plaintiff for all time worked and/or work performed, including wages of any kind or nature whatsoever, arising under the Fair Labor Standards Act, state, local law, or common law. All such claims, including related attorneys' fees and costs, that have accrued as of the execution of this Agreement are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought.

4. <u>No Admission</u>. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or Defendants' employees of any liability whatsoever, or as admission by Defendants of any violation of the rights of Plaintiffs, violation of any order, law, statute, duty or contract whatsoever. Defendants specifically disclaim any liability to Plaintiffs for any alleged violation of the Fair Labor Standards Act or any other wage-related order, law, statute, duty or contract.

5. <u>Severability</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this Agreement.

6. <u>Entire Agreement and Modification</u>. The parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any

representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement. This Agreement may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

7.   Interpretation and Governing Law. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia.

8.   Final Approval Required. The parties recognize that this Settlement Agreement will not become operative unless or until the Court grants final approval of it, and the Settlement Agreement becomes effective. If the Court denies final approval of the Settlement Agreement for any reason, this Settlement Agreement will be null and void and any party may file a notice to reopen the Litigation.

9.   Voluntary Agreement. Each Plaintiff understands and agrees as follows:

   a.   Plaintiff has had a reasonable time within which to consider this Agreement before executing it.

   b.   Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

   c.   Plaintiff is, through this Agreement, releasing Defendants, from any and all wage claims Plaintiff may have against Defendants arising before the execution of this Agreement.

   d.   Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.

   e.   Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement.

Dated: 04/09/2016               By: _____
                                    Plaintiff Nancy Reed-Murry

Dated: _____          By: _____
                                    Plaintiff Cheryl Greenfield

Dated: _____          By: _____
                                    Plaintiff Stephanie Robinson

Page 4 of 5

Dated: 04/10/16

Dated: 4/11/2016

By: _____
Plaintiff DuDonna Jones

By: _____
Plaintiff Ninette Martin

Dated: _____

For Defendants Centene Corporation and
Centene Management Company, LLC

By: _____
Name: _____
Title: _____

Dated: _____

For Defendant Pace Staffing Alternatives
d/b/a Executive Business Solutions

By: _____
Name: _____
Title: _____

Dated: _____

Plaintiff DuDonna Jones

By: _____

Plaintiff Ninette Martin

Dated: _____

For Defendants Centene Corporation and
Centene Management Company, LLC

By: _Bill Reichmuth_____

Name: _Bill Reichmuth_____

Title: _VP Admin Services_____

Dated: _____

For Defendant Pace Staffing Alternatives
d/b/a Executive Business Solutions

By: _____

Name: _____

Title: _President_____